## No. 13-5223

IN THE

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**SHAKER ABDURRAHEEIM AAMER, detainee, Camp Delta,
and SAEED AHMED SIDDIQUE, next friend of Shaker Abdurraheem
Aamer,**

*Petitioners—Appellants,*

*v.*

**BARACK H. OBAMA, et al.,**
*Respondents—Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CASE NO. 04-2215 (RMC)

CONSOLIDATED WITH 13-5224, 13-5225, 13-5276

---

**MOTION FOR ORDER DIRECTING APPELLEES TO DISCLOSE AND FILE
COMPLETE COPIES OF REVISED PROTOCOLS ON FORCE-FEEDING
AND THE ASSOCIATED USE OF RESTRAINTS**

---

**JON B. EISENBERG**
1970 BROADWAY, SUITE 1200
OAKLAND, CALIFORNIA 94612
(510) 452-2581 · FAX: (510) 452-3277

**REPRIEVE**
CORI CRIDER
CLIVE STAFFORD SMITH
P. O. BOX 72054
LONDON EC3P 3BZ, UNITED KINGDOM
011 44 207 553 8140

ATTORNEYS FOR PETITIONERS AND APPELLANTS **SHAKER AAMER, AHMED
BELBACHA, NABIL HADJARAB & ABU WA'EL (JIHAD) DHIAB**

Appellants hereby move this Court, pursuant to Fed. R. App. P. 27, for an order directing appellees to disclose and file complete copies of all protocols, as currently revised and in effect, governing force-feeding and the associated use of restraints at Guantánamo Bay. Counsel for appellants have conferred with counsel for appellees, who have refused repeated requests for such disclosure and filing and have stated that they will oppose this motion.

On November 21, 2013, Government counsel Daniel J. Lenerz advised the Court and counsel that the Guantánamo Bay force-feeding protocols, previously dated March 5, 2013, were revised on November 14, 2013. *See* Doc. #1467337 at 1 n.1. On November 22, 2013, we asked Mr. Lenerz to provide us with a copy of the revised protocols. On November 25, 2013, Mr. Lenerz provided us with a document he described in email as "the revised protocols you requested." The email stated that pursuant to the Protective Order And Procedures For Counsel Access To Detainees At The United States Naval Station In Guantanamo Bay, Cuba, we "are required to treat the protocols as 'protected information'" which cannot be disclosed to the public or our

clients "unless and until the court rules that the information should not be designated as protected."

Upon review of the document Mr. Lenerz disclosed, we determined that a cross-referenced portion of the revised protocols, which governs the use of restraints during force-feeding, had been withheld from us. Thus, on November 26, 2013, we asked Mr. Lenerz to provide us with the missing portion. On that date we also asked Mr. Lenerz to provide this Court with a copy of the revised protocols.

On November 27, 2013, Mr. Lenerz refused our request that he provide the Court with a copy of the revised protocols.

On December 3, 2013, and December 11, 2013, we repeated our request to Mr. Lenerz to provide us with the missing portion of the revised protocols, to no avail. In response to our December 3 request, Mr. Lenerz advised us that he was "working on getting a copy of [the missing portion] to provide to you." Mr. Lenerz did not respond to our December 11 request.

All of the above-described communications between counsel occurred via email. On December 13, 2013, appellants' counsel Jon B.

Eisenberg telephoned Mr. Lenerz and advised him that we would take action with this Court on December 16, 2013 if the missing portion of the revised protocols governing the use of restraints during force-feeding was not disclosed to us by the close of business on December 13, 2013. During that telephone conversation, Mr. Lenerz refused to answer repeated inquiries as to whether he had ever actually seen the missing portion of the revised protocols.

On December 15, 2013, Mr. Lenerz advised us by email that the force-feeding protocols will be revised *yet again* "early next week," that the again-revised protocols "will not include . . . a description of the medical restraint system or process," and that "[t]he procedure for the use of medical restraints during the enteral feeding process . . . is not governed by this SOP." In contrast, the superseded force-feeding protocols dated March 5, 2013 included 16 numbered protocols governing the use of restraints in the force-feeding process. Those protocols were entitled "**Chair Restraint System Clinical Protocol for the Intermittent Enteral Feeding of Detainees on Hunger Strike**." *See* Joint Task Force Guantánamo Bay, Cuba, Joint Medical

Group, *Medical Management of Detainees on Hunger Strike* 18-19 (Mar. 5, 2013).

In the course of a follow-up email exchange on December 15 and 16, 2013, Mr. Lenerz told us "[t]here is an SOP that governs the use of restraints as part of the enteral feeding process," but "[w]e will not agree to provide you with that SOP . . . ."

In his December 11, 2013 letter to the Court, Mr. Lenerz asserted that the Court can address the merits on this appeal without considering supplemental briefing on the revised protocols because this action purportedly does not challenge the constitutionality of the force-feeding protocols. *See* Doc. #1469855 at 1. That assertion is meritless. This litigation challenges the legality of force-feeding at Guantánamo Bay, which is done according to the force-feeding protocols, so that the challenge necessarily encompasses those protocols.

Thus, the section of the Brief of Appellants that challenges the force-feeding commences with the heading "**The standard for determining the validity of the protocols on force-feeding of Guantánamo Bay detainees is whether those protocols are**

**reasonably related to legitimate penological interests.**" Br. of Appellants 27. The section of the Appellants' Reply Brief that addresses the force-feeding is headed "**THE GUANTANAMO FORCE-FEEDING PROTOCOLS ARE UNREASONABLE BECAUSE READY ALTERNATIVES CAN ACCOMMODATE THE GOVERNMENT'S CONCERNS.**" Appellants' Reply Br. 20.

There can be no doubt, then, that this litigation expressly challenges the force-feeding protocols. And because this appeal is from an order denying a preliminary injunction, it is the *revised* protocols that must be reviewed if and when the merits are adjudicated, as we explained in our letter to the Court dated December 4, 2013, Doc. #1468938 at 1. *See Landgraf v. USI Film Products*, 511 U.S. 244, 273-74 (1994); *Legal Assistance for Vietnamese Asylum Seekers v. Department of State*, 104 F.3d 1349, 1352 (D.C. Cir. 1997).

In his December 11, 2013 letter to the Court, Mr. Lenerz continued to incant that "the process for approving enteral feeding under the revised protocols remains essentially the same." Doc. #1469855 at 2. But Government counsel have refused to back up that assertion by submitting the revised protocols for this Court's review.

Further, by refusing to disclose to us the protocols governing the use of restraints during force-feeding, Government counsel have made impossible a fair comparison of previous restraint procedures with current restraint procedures—although the revised protocols that *have* been disclosed to us are themselves significantly changed from the previous protocols.

On December 3, 2013, Mr. Lenerz asserted in email that if we wished to provide this Court with the disclosed portion of the revised protocols under seal, "that is up to you." We have not done so, for two reasons: First, we do not yet possess the portion of the protocols that now governs the use of restraints in the force-feeding process. Second, according to paragraph 34 of the applicable Protective Order, if the revised protocols are to be deemed "protected information," it must be by order of this Court upon a motion by Government counsel, who have not yet filed such a motion.

For the foregoing reasons, we respectfully request the Court *either* to (1) order appellees to disclose to us all protocols that currently govern the use of restraints in the force-feeding process and to file with this Court complete copies of the currently effective protocols governing

force-feeding and the associated use of restraints at Guantánamo Bay, either publicly or under seal in conjunction with a motion for treatment of those protocols as "protected information," *or* (2) upon a determination that this proceeding is within the scope of this Court's and the district court's jurisdiction, order such disclosure and filing on remand to the district court for adjudication of the merits of appellants' challenge to force-feeding under the revised protocols. The latter alternative relief is, we suggest, the more appropriate course, given the trial court's traditional role and expertise.

December 16, 2013 **JON B. EISENBERG**

**REPRIEVE**
CORI CRIDER
CLIVE STAFFORD SMITH

By:                  /s/
            Jon B. Eisenberg

Attorneys for Petitioners and Appellants
**SHAKER AAMER, AHMED BELBACHA, NABIL HADJARAB & ABU WA'EL (JIHAD) DHIAB**

# CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Signature: s/ Jon B. Eisenberg